IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

Anthony James Moore,                    )
                                        )
                    Plaintiff,          )
        vs.                             )
                                        )        Case No. 3:07-cv-56
Judge Steven McCullough, in his         )
individual and official capacity,       )
                                        )
                    Defendant.          )

## ORDER AND REPORT AND RECOMMENDATION

Before the court for initial review under 28 U.S.C. § 1915A is the complaint of Anthony

James Moore ("Moore") (Doc. #1).  The court previously granted Moore's application to proceed

*in forma pauperis* (IFP)  (Doc. #2).  Moore contends the defendant, North Dakota State District

Court Judge Steven McCullough, has violated his civil rights by refusing to provide him copies of

DNA test results, his DNA genotype profile, his risk assessment, the victim impact statement, and

the presentence investigation report.  The relief he seeks is production of these records.  In addition,

Moore has filed a motion for appointment of counsel (Doc. #4) and requested an expedited review

of his case (Doc. #5). He moved for a telephonic hearing  (Doc. #6), to compel discovery, (Doc. #7)

and for sanctions against the defendant (Doc. #10).  Moore contends these motions are unopposed

by defendant (See Letter from Moore; Attachment #1), but the court notes the motions were served

before the court granted Moore's IFP application.  The court's order granting IFP specifically

directed the Clerk's Office not to serve the complaint until after the 1915A screening occurred.

Finally, Moore has communicated with the court through letter correspondence.  In one of these

letters, Moore threatens to file "a Judicial Complaint" with the Eighth Circuit Court of Appeals

against this court for failure to review his case in a timely fashion.  (See Letter from Moore; Attachment #2).  The magistrate judge notes that much of the delay in reviewing in this matter involved researching the multiple other cases filed by Moore.  Furthermore, this case has not been pending for an excessive amount of time.

When a prisoner seeks to sue a governmental entity, officer, or employee, the court is required under 28 U.S.C. § 1915A to conduct a preliminary screening of plaintiff's complaint to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  In addition, the court also has the power under § 1915(e)(2) to dismiss an IFP proceeding at any time the court determines the proceeding is frivolous or malicious, fails to state a claim upon which relief should be granted, or seeks monetary relief against an immune defendant.

In this case, Moore alleges a claim under 42 U.S.C. § 1983.  To state a claim pursuant to 42 U.S.C.§ 1983, he must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, but not need not consider facts that are clearly baseless, fanciful, fantastic, or delusional.  Denton v. Hernandez, 504 U.S. 25, 31-33 (1992).  "A complaint is frivolous if it lacks an arguable basis in law or fact."  Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)).  "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory."  Id.  Moore's complaint is to be construed liberally, although it must still state a claim as a matter of law.  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir.

1980). The court may not dismiss the complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

Moore is a well-known prisoner plaintiff in the District of North Dakota.  He has filed six other civil cases in the Southwestern Division.[1]  The primary issue in Moore's present complaint is his request for copies of DNA test results related to his conviction.  Three of Moore's previously filed cases raised this issue.  Moore v. Fargo Police Department, Case No. 1:06-cr-095; Moore v. Bertsch, Case No. 1:05-cv-098; Moore v. USA, Case No. 1:07-cv-030.  He has made repeated attempts to raise the same issue, although he names different defendants.  In the previous cases, he has requested the DNA test results from the Fargo Police Department, the director of the state criminal laboratory, and the United States.

The court finds Moore is requesting the same relief that he has requested multiple times in the past.  Furthermore, in the three federal cases filed in the Southwestern Division, Magistrate Judge Miller concluded Moore already has copies of the DNA evidence he requests.  The undersigned magistrate judge will not revisit this issue.   Moore obviously spends a great deal of time and energy drafting his legal documents, asserting claims which state and federal courts have repeatedly addressed.   Moore seems unwilling to drop this issue, and his repetitive efforts have served only to waste both his own and the court's resources.

Moore also requests copies of his risk assessment, victim impact statement, and presentence investigation related to his conviction.  He has attached orders from the state district court denying his request for copies of DNA evidence, but nothing regarding a denial of his request for the other

---

[1]Moore has also moved to impose sanctions on the Clerk of Court, clerk employees, and Magistrate Judge Charles Miller regarding the handling of his claims.

documents.  Although this court could not determine whether Moore has moved the state court to release these documents, the court has taken judicial notice of the docket sheet in Case No. 09-1-K-2551-1.  This listing of events demonstrates that Moore flooded the state court with letters, including requests for these documents.  All of his requests were denied, but he does not appear to have appealed these decisions to the North Dakota Supreme Court.  The magistrate judge knows of no legal authority which would support Moore's request to compel production of these documents.  A federal civil rights action is not generally an appropriate vehicle for seeking production of documents.  Furthermore, until Moore has exhausted his remedies at the state level, the federal court is unable to review his claims.

Finally, the magistrate judge denies Moore's motion for appointment of counsel.  Although a civil litigant has no constitutional or statutory right to a court-appointed attorney, the court may make such an appointment at its discretion.  Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see also 28 U.S.C. § 1915(e)(1).  For the reasons previously stated, the court concludes  the appointment of counsel is not necessary in this case.

The magistrate judge **RECOMMENDS** that:

1.     Moore's complaint be **DISMISSED** with prejudice.

2.     The court certify that an appeal from the denial of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith; and

3.     A certificate of appealability not be issued with respect to any of the issues raised by Moore in this action.

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy.

4

The magistrate judge **ORDERS** that:

1.      Moore's motion for appointment of counsel (Doc. #4) is **DENIED**.

3.      Moore's motion for expedited review (Doc. #5) is **DENIED as moot**.

3.      Moore's motion for telephonic hearing  (Doc. #6),  motion to compel discovery (Doc. #7), and motion for sanctions (Doc. #10) is **DENIED**.

Pursuant to Local Rule 72.1(E)(3), any party may appeal from this order within ten (10) days after being served with a copy.


Dated this 23rd day of August, 2007.


                                          /s/ *Karen K. Klein*            
                                         Karen K. Klein
                                         United States Magistrate Judge