**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **Anthony James Moore,**              )<br>                                                        )<br>                   **Plaintiff,**            )<br>                                                        )     **Case No. 3:07-cv-56**<br>                                                        )<br>**Judge Steven McCullough, in his**  )<br>**individual and official capacity,**     )<br>                                                        )<br>                   **Defendant.**         )<br>_____) | |

## *ORDER ADOPTING REPORT AND RECOMMENDATION*

The Plaintiff, Anthony James Moore, has presented a complaint for initial review under 28 U.S.C. § 1915A. (Clerk's Docket #1). The Court had previously granted Mr. Moore's application to proceed *in forma pauperis* (IFP). (Clerk's Docket #2). The essential nature of Moore's Complaint is that North Dakota District Judge Steven E. McCullough has violated his civil rights by refusing to provide him copies of DNA test results, his DNA genotype profile, his risk assessment, the victim impact statement, and the pre-sentence investigation report. He seeks production of these documents as a remedy in this civil action. In addition Mr. Moore has filed numerous motions.[1]

Magistrate Judge Karen Klein filed an Order and Report and Recommendation in which recommends: (1) That Moore's complaint be dismissed with prejudice; (2) that the court certify

---

[1] These motions include a motion for appointment of counsel. (Clerk's Docket # 4). A request for expedited review of his case. (Clerk's Docket # 5). He has also requested a telephonic hearing (Clerk's Docket # 6), apparently on his motion to compel discovery. (Clerk's Docket # 7. In addition he seeks sanctions against the Defendant. (Clerk's Docket # 10). All motions and requests are either moot or resolved in the Court's determination on the merits of this case.

1

that an appeal from the denial of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith; and (3) that a certificate of appealability not be issued with respect to any of the issues raised by Moore in this action.  In addition Judge Klein ordered that the remainder of Moore's motions be denied.

Mr. Moore filed an objection to the Report and Recommendation on August 30, 2007. Under Rule 72.1(E)(4) of the District of North Dakota Rules, whenever the Plaintiff objects the court is required to conduct a *de novo* review of those portions the party objects to.  Id.

Frankly, "the portions the party objects to" test is a bit difficult to ascertain from Mr. Moore's "objection" as it is more in the nature of an *ad hominem* attack or a screed than a legal objection.  Be that as it may, it does appear that Moore believes that (1) his complaint is well pled; (2) that he has never received the DNA evidence he seeks in this case; and (3) the North Dakota Supreme Court is irrelevant and that the court is "allowing the state supreme court to dictate to the federal court . . ."  (Clerk's Docket # 15).

In order to present a well-pled claim under 42 U.S.C. § 1983, the Plaintiff needs to allege two essential elements: (1) that a right secured by the Constitution or laws has been violated; and (2) The alleged violation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  In the instant case, Mr. Moore alleges that he has been denied due process of law because the state, acting through District Judge McCullough, has failed to produce the requested DNA evidence.  (Complaint ¶ 5, Clerk's Docket # 9).  This is at least the fourth time that Mr. Moore has presented this question to this Court.[2]  Moore contends that these requests are not the same because different defendants have been named in each of the cases.

---

[2] Moore v. Fargo Police Department, Case No. 1:06-cr-095; Moore v. Bertsch, Case No. 1:05-cv-098; and Moore v. USA, Case No. 1:07-cv-030.  In each of these cases Moore sought the production of the same DNA evidence which he seeks today.

(Clerk's Docket # 15).

    Mr. Moore misapprehends the basis for Magistrate Judge Klein's determination that the case is not well-pled and that he is barred from raising the claim for the fourth time in this case. The first basis for the bar is the legal doctrine of collateral estoppel. The basis for this estoppel is that the issue was previously fully litigated between the parties and Magistrate Judge Miller concluded that Moore has already received copies of the DNA evidence he seeks. Moore v. Fargo Police Department, Civ. File # 1:06-cv-00095 (Clerk's Docket # 52). Such a determination is binding on this court and cannot be revisited as the only remedy for this type of fact finding is a direct appeal. Nesbitt v. Hopkins, 86 F.3d 118,120 (8th Cir. 1996). As the United States Supreme Court has noted, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in a future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). Although the doctrine originally required that the parties be the same or in privity in order for the doctrine to be applied, the "the mutuality requirement under federal law has been abandoned. Now a party may rely on collateral estoppel even though he or she is not bound by the prior judgement if the party against whom it is used had a full and fair opportunity to litigate the issue in the prior litigation." Lane v. Peterson, 899 F. 2d 737, 741-42 (8th Cir. 1990).

    The Plaintiff may not simply shop the same arguments to another judge until such time as some judge somewhere agrees with him. Instead the law allows for one appeal, timely taken. While Mr. Moor has filed an appeal of the determination in Moore v. Fargo Police Department and that appeal is still pending, it appears that Mr. Moore has failed to appeal the particular determination that he did not receive the DNA materials requested. See, Moore v. City of Fargo,

3

Clerk's Docket # 62.  Instead it appears that Moore has asserted four specifications of error: (1) whether the court abused its discretion by not allowing the Plaintiff to amend his Complaint; (2) Whether the court abused its discretion in granting *sua sponte* a motion for summary judgment; (3) whether the Court abused its discretion in requiring the defendant to obtain a certificate of appealability in a habeas corpus proceeding; and (4) whether the court abused its discretion in denying the motion for leave to file an appeal *in forma pauperis.*  Id.

It is compelling to note that at no point has Mr. Moore directly appealed the specific factual determination made by Magistrate Judge Miller and adopted by Chief Judge Hovland.  It would appear that this failure to appeal would have the effect of definitively answering for the court as a matter of law: he has received the DNA information he seeks in this lawsuit.[3]

The second basis for the denial is similar, Mr. Moore has repeatedly asked Judge McCullough to order the production of the DNA evidence.  These requests have been repeatedly denied, apparently on the ground that the evidence was originally produced in the underlying actions.  No appeal has ever been taken to the North Dakota Supreme Court on these rulings.  The United States District Court is bound by these finding under the doctrines of collateral estoppel and *stare decisis*.  Thus, there are two separate courts that have reached the conclusion that Moore has received these test results and Moore has never appealed these determinations.  Under these circumstances the court lacks the legal competence to revisit the question presented.  Ashe v. Swenson, 397 U.S. 436, 443 (1970).   The law of the case cannot be any clearer: a

---

[3] It is worth of note that when there came to be a dispute as to whether or not Mr. Moore had received all of the DNA evidence in the case, Magistrate Judge Hovland had each party forward to him all of the DNA evidence in their possession.  He than conducted an *in camera* review of the evidence and determined that everything sought had been produced.  Moore v. City of Fargo Police Department, Clerk's Docket # 52.  It would seem that such a procedure definitively answers the question before this court.  Moore's belief that there is something additional in someone's possession seems fanciful at best, and frivolous at worst.  He has produced nothing that would indicate that there is any additional material other than his own accusations.  This paucity of factual allegation is fatal.

competent court has ruled that Moore received the information he seeks and no appeal was ever taken. Under this scenario no court has the power to conclude that the facts are otherwise. When one rests on his rights and fails to appeal, a factual determination becomes binding.

More importantly, Mr. Moore has never indicated how or why a federal civil rights action can be used to compel discovery in a case that has become final as a matter of law. A civil rights action is not a discovery dispute resolution mechanism–it is a method of addressing deprivations of constitutional rights made by people acting under color of state law. Nothing in the complaint addresses this fundamental problem; it only alleges that Judge McCullough has refused to order the production of the DNA evidence and that this refusal deprives him of due process and the opportunity to defend himself by proving that he is actually innocent. Once again, this runs directly contrary to the conclusion made by two previous courts that the DNA test results were in fact produced--a determination that became final when it was not appealed.

Try as it might, the Court can find no constitutional violation that is well pled in the Plaintiff's complaint or objection.

As to the remainder of the Plaintiff's objections, the Court has reviewed the Report and Recommendation, along with the entire file, and finds the Magistrate Judge's positions are correct. Accordingly, the Court hereby adopts the Report and Recommendation in its entirety. For the reasons set forth therein:

1. Moore's Complaint is **DISMISSED** with prejudice;

2. Motion for appointment of counsel is **DENIED;**

3. Motion for expedited review is **DENIED ON THE GROUND THAT IT IS MOOT**; and

5

4. Request for telephonic hearing, motion to compel discovery, and motion for sanctions is **DENIED on the grounds that they are rendered MOOT by Dismissal of the Complaint.**

**IT IS SO ORDERED.**

Dated this   20th   day of September, 2007.

    /s/ *Ralph R. Erickson*
Ralph R. Erickson
United States District Judge